UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
ENIOLA ONIBOKUN,
ADEDOTUN ONIBOKUN
       Plaintiffs,

   - against -

SCOTT STRINGER, as
COMMISSIONER/EXECUTIVE OFFICER of the
NYC COMPTROLLER and THE OFFICE OF
THE NYC COMPTROLLER, RICK D.
CHANDLER, P.E. as
COMMISSIONER/EXECUTIVE OFFICER of the
NYC DEPARTMENT OF BUILDINGS and the
Office of the NYC DEPT. OF BUILDINGS and
THE CITY OF NEW YORK
       Defendants.
------------------------------------------------------------

DECISION AND ORDER

16-cv-1357 (AMD)(LB)

**ANN M. DONNELLY**, District Judge.

The *pro se* plaintiffs bring this action against Rick D. Chandler, P.E., as the Commissioner of the New York City Department of Buildings ("DOB") and Scott Stringer, the New York City Comptroller, in addition to the City of New York, alleging violation of their federal civil rights under 42 U.S.C. § 1983, as well as state law. The plaintiffs filed their initial complaint on March 18, 2016, (ECF No. 1), and thereafter filed on amended complaint on October 4, 2016. (ECF No. 33). The defendants moved to dismiss the plaintiffs' amended complaint on January 12, 2017. (ECF No. 37.) On June 23, 2017, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), granting the defendants' motion. (ECF No. 45.) On September 6, 2017, the plaintiffs filed objections to the R&R, and sought leave from Judge

1

Bloom to file a second amended complaint. (ECF No. 48; ECF No. 49.) On October 6, 2017, the defendants responded to the plaintiffs' objections, and opposed the plaintiffs' second amended complaint. (ECF No. 52.)

Based on my review of the record and the parties' submissions, I agree with Judge Bloom's thorough and well-reasoned R&R. For the reasons that follow, I dismiss the plaintiffs' § 1983 claim, and deny the plaintiffs' motion for a second amended complaint.

## BACKGROUND

The facts of this matter are discussed in greater detail in Judge Bloom's R&R. (ECF No. 45.) In relevant part, in September of 2011, the plaintiffs, Eniola and Adedotun Onibokun, entered into a contract with Trogir Construction Inc. for $215,000, to renovate their home in South Ozone Park, New York. (ECF No. 33 at ¶¶ 1, 36.) According to the contract, the renovation was to be completed on or about February of 2012. (ECF No. 33 at ¶ 37.) The DOB did not verify the contractor's documentation, and granted the contractor's application for permits to renovate the plaintiffs' house.

The contractor did not execute the DOB approved plan, and in November of 2011, a DOB inspector issued the contractor two violations, and, among other things, instituted a "FULL STOP" work order on the plaintiffs' renovations for nine months, (ECF No. 33 at ¶¶ 17, 42, 44), costing the plaintiffs more than $657,955 in estimated damages. (ECF No. 33 at ¶¶ 14, 15, 39, 75.) The plaintiffs later learned that the contractor was unlicensed and uninsured. In 2012 and 2013, the plaintiffs had to pay fines of $8,508.90; the plaintiffs were issued new building permits in April of 2014. (ECF No. 33 at ¶¶ 114, 170-71.)

The contractor never finished the plaintiffs' contract, paid the DOB fines, or appeared for violation hearings with the DOB or Environmental Control Board. (ECF No. 33 at ¶¶ 18, 41.) The contractor has since disappeared.

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

If a party does not object to a conclusion in the magistrate judge's report, the argument is waived, and will not be reviewed. *See, e.g., Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)). Because the plaintiffs are *pro se* litigants, I evaluate their submissions by a more lenient standard; however, "the leniency accorded pro se litigants is not without limits, and all normal rules of pleading are not absolutely suspended." *Gil v. Vogilano*, 131 F.Supp.2d 486, 491 (S.D.N.Y. 2001) (quoting *Stinson v. Sheriff's Dep't*, 499 F.Supp. 259, 262 (S.D.N.Y. 1980) (internal quotation marks omitted).

### A. Plaintiffs' Opposition to the R&R

The plaintiffs object to Judge Bloom's determination that the three-year statute of

limitations has run on their § 1983 claim, and make an argument that was not included in their amended complaint. (*See* ECF No. 49 at ¶¶ 1-67.) The upshot of the plaintiffs' new argument is essentially this: the plaintiffs' property was destroyed in 2011 as a result of a DOB inspector's emergency unit report, and that the plaintiffs did not get photographic evidence of the DOB's assertedly "fraudulent findings."[1] (*See, e.g.*, ECF No. 49 at ¶¶ 3-4, 7-8, 21.) The plaintiffs argue that these documents – withheld by the defendants until 2014 – constitute "material evidence," without which the plaintiff were "unable to satisfy all [the] elements" of their § 1983 claim. (ECF No. 49 at ¶ 23, 53.)

The plaintiffs also contend that the proper statute of limitations period for a § 1983 claim is the "medical malpractice discovery accrual rule," which runs "when the plaintiff knew or had reason to know of the injury." (ECF No. 49 at 1.) The plaintiffs argue that the statute did not begin to run with the demolition of their house in 2011, but rather in 2014, when they discovered that their contractor was unlicensed and nevertheless received permits to build from the DOB. (ECF No. 49 at ¶ 55.)

The defendants respond that the plaintiffs' new legal theory should not be considered, because they did not raise it before Judge Bloom, and in any event, that the argument is irrelevant because the plaintiffs' § 1983 claim is barred by the statute of limitations.[2] (ECF No. 52 at 6-12.) According to the defendants, the statute of limitations began to run in 2011, when

---

[1] The plaintiffs also say that the DOB "unlawfully" photographed their property without their consent, because when the DOB inspector conducted his investigation, there were nine-foot high walls around the plaintiffs' property, which "obstructed" about 50 percent of the construction site area. (ECF No. 49 at ¶¶ 13, 24.) The plaintiffs allege that the DOB could not have made a "proper determination" that the site should be demolished without being able to view the entire property. (ECF No. 49 at ¶ 24.)

[2] The defendants contend that in § 1983 cases, the statute of limitations is the same three-year period as that governing personal injury actions, and accrues when the "plaintiff knows or has reason to know of the injury which is the basis of his action." (ECF No. 52 at 6) (internal citations and quotation marks omitted.)

4

the plaintiffs were aware of the damage to their home, and that the date when the plaintiffs discovered that their contractor was unlicensed in 2014 is "of no moment." (ECF No. 52 at ¶ 7.)

I concur with Judge Bloom's determination that the statute of limitations in this case began to accrue in 2011 – when the DOB granted the work permit to the contractor, which resulted in the issuance of two violations and a stop work order on the plaintiffs' renovations, and which is the underlying basis of the plaintiffs' recovery. (ECF No. 45 at 6-7.) *See also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (§ 1983 claims filed in New York are subject to a three-year statute of limitations); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (A 1983 claim accrues when the "plaintiff knows or has reason to know of the injury which is the basis of his action.") (internal citation and quotation marks omitted). As a result, the plaintiffs' March 2016 complaint was filed after the three-year statute of limitations expired, and their claim is barred.[3]

In the alternative, the plaintiffs urge the Court to toll the statute for the "sake of fairness and justice," because the defendants were "on notice of the claims" and would not be prejudiced. (ECF No. 49 at ¶¶ 46-49.) Although the defendants do not address this argument, Judge Bloom determined that the record did not "demonstrate any basis for equitable tolling," citing to the plaintiffs' exhibit describing "The Root of The Problem," which the plaintiffs say began in 2011 when they hired Contractor, and when the "NYC Department placed a STOP Work Order on their house due to the [contractor's] violation[s]." (ECF No. 45 at 7; ECF No. 33 at 63.) As Judge Bloom observed, equitable tolling is "an extraordinary measure that applies only when the plaintiff is prevented from filing despite exercising that level of diligence which could

---

[3] Judge Bloom considered and rejected the plaintiffs' argument that accrual began in 2014, when the plaintiffs first discovered that the contractor was unlicensed. (ECF No. 45 at n. 4.) While there is no dispute that the plaintiffs have suffered hardship as a result of these unfortunately circumstances, the plaintiffs' injury, and thus the accrual of time, began in 2011, when the plaintiffs were aware of their property damage.

5

reasonably be expected in the circumstances," *Upadhyay v. Sethi*, 848 F.Supp.2d. 439, 445 (S.D.N.Y. 2012) (collecting cases) (internal citations and quotation marks omitted). Like Judge Bloom, I sympathize with the plaintiffs' misfortune. However, nothing prevented them from filing their claim within the statute of limitations period; in fact, as the plaintiffs concede, they went to "Civil Court in June 2014" within the statute of limitations period.[4] (ECF No. 33 at 63.)

Because the plaintiffs' § 1983 action is time-barred, I do not need to consider the substance of the plaintiffs' Fifth and Fourteenth Amendment violation claims. Nevertheless, as Judge Bloom concluded in her thoughtful and complete evaluation of these claims, the plaintiffs cannot survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state their §1983 claim: First, the plaintiffs have not exhausted their state law remedies – a necessary predicate for substantiating a Fifth Amendment claim.[5] *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 511-512 (2d Cir. 2014) (For a Fifth Amendment "taking" claim to be ripe, a plaintiff must show that "[ ] the state regulatory entity has rendered a final decision on the matter, and [ ] the plaintiff has sought just compensation by means of an available state procedure.") (internal citations omitted). Second, the plaintiffs cannot sufficiently allege the personal involvement of the individual defendants to establish a § 1983 action, nor can they meet the standard of municipal liability necessary to establish a § 1983 claim against the City of New York. *Ali v. Szabo*, 81 F.Supp.2d 447, 462 (S.D.N.Y. 2000) ("It is well settled in this Circuit that personal

---

[4] As Judge Bloom said, "[t]he damages [the] plaintiffs suffered may give rise to an action against the [c]ontractor under state contract law," which has a six-year statute of limitations period. (ECF No. 45 at 11, no. 7.)
[5] It is not clear whether the plaintiffs are asserting substantive or procedural due process violations of the Fourteenth Amendment, but in either event, the claim fails. The plaintiffs' procedural due process claim suffers from the same ripeness defect as their Fifth Amendment violation claim. *Kuntz*, 758 F.3d at 516 (the "ripeness requirement (finality and exhaustion) applies to all procedural due process claims arising from the same circumstances as a taking claim"). And the plaintiffs cannot avail themselves of a substantive due process claim where a particularized constitutional provision – in this case the Fifth Amendment's takings clause – proscribes the government conduct. *See Velez v. Levy*, 401 F.3d 75, 94 ("where a specific constitutional provision prohibits government action, plaintiff seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to a broad notion of substantive due process") (internal citations omitted).

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *McLennon v. City of New York*, 171 F.Supp.3d 69, 95 ("Isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.") (internal citations and quotation marks omitted) (alternation in the original); (ECF No. 45 at 9-12.).

### B. Plaintiffs' Motion to File a Second Amended Complaint

The plaintiffs also seek leave to file a seconded amended complaint. However, as Judge Bloom concluded, because no amendment to the plaintiffs' complaint can survive a Rule 12(b)(6) motion to dismiss, any such amendment would be futile. *See also Horton v. Wells Fargo Bank, N.A.*, 703 Fed.Appx. 23 (2d Cir. 2017) (no error where the district court denied the plaintiff a second opportunity to amend a complaint because doing so would be futile). Therefore, I deny the plaintiffs' request to file a second amended complaint.

### CONCLUSION

Accordingly, I adopt Judge Bloom's R&R in its entirety, dismiss the plaintiffs' § 1983 claim with prejudice, and deny the plaintiffs' request for a second amended complaint. I decline to exercise supplemental jurisdiction over the plaintiffs' state law claims, and dismiss these claims without prejudice.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
December 26, 2017